## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| PATSY TEDETON | * | CIVIL ACTION NO. 16-190 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| PROGRESSIVE PALOVERDE COMPANY | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

On February 10, 2016, defendant Progressive Paloverde Insurance Company removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires, *inter alia*, an amount in controversy greater than $75,000.  (Notice of Removal).  On May 5, 2016, the court questioned whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.  (May 5, 2016, Order [doc. # 14]).  Therefore, the court ordered removing defendant to file (within fourteen days) a memorandum, together with supporting evidence, sufficient to establish by a preponderance of the evidence that the requisite jurisdictional amount was in controversy at the time of removal.  *Id*.  The court cautioned that if defendant failed to comply, or if subject matter jurisdiction was found to be lacking, then the matter would be remanded to state court.  *Id*.  The foregoing period has since lapsed, with no response from any party.

### Law and Analysis

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ."  28 U.S.C. § 1441(a).  "The removing party bears the burden of showing that federal jurisdiction

exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

The undersigned reiterates that defendant invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > \*          \*          \*
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition.  La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[1]  Thus, the removing defendant must assert the amount in controversy in the notice of removal, which

---

[1] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction.  La. Code Civ. P. Art. 893A.  However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design.  *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

"should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Here, however, the court challenged defendant's amount in controversy allegation.  The Supreme Court recently explained that, "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee, supra*.  In this case, neither side submitted proof regarding amount in controversy.  Nonetheless, because "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court,"[2] the court must construe the equipoise against a finding of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, the undersigned finds that removing defendant has not satisfied its burden of establishing federal subject matter jurisdiction.  *Howery, supra*; 28 U.S.C. § 1332.[3]  Where, as here, the court has accorded the side invoking federal jurisdiction the opportunity to redress its pleadings to allege diversity jurisdiction, but it fails to do so, dismissal (remand here) is warranted.  *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).  Accordingly,

IT IS RECOMMENDED that the instant case be remanded to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.  28 U.S.C. §

---

[2]  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

[3]  Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 24th day of May 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE