UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| PATSY TEDETON | * | CIVIL ACTION NO. 16-190 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| PROGRESSIVE PALOVERDE COMPANY | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

On February 10, 2016, the above-captioned case was removed by Defendant from the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, to this Court on the basis of diversity jurisdiction. For the Court to exercise diversity jurisdiction, the adverse parties must be diverse in citizenship, and the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

On May 5, 2016, after a review of the record, Magistrate Judge Karen L. Hayes issued an order [Doc. No. 14]. She correctly stated the law that "[f]ederal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction." *Id.* at p. 1, n.1 (citing *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999)). As it was not clear from an examination of the facts stated in the Petition as to whether the amount in controversy was met, Defendant was ordered to file "a memorandum, *together with supporting evidence*, sufficient to establish that the requisite amount was in controversy at the time of removal." *Id.*

Defendant did not do so.

On May 24, 2016, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No.

15]. As she explained, there is a presumption against subject matter jurisdiction, and Defendant failed to submit the requisite memorandum and proof. Therefore, she recommended that the Court find that Defendant failed to satisfy his burden and remand the case to state court.

In response, on the following day, May 25, 2016, Defendant filed objections [Doc. No. 16] to the Report and Recommendation. Counsel states in his memorandum that Plaintiff has serious injuries, has a current total medical bill of $64,179.63, and continues to receive treatment. He further states that Plaintiff's counsel has consistently maintained that her injuries exceed the threshold amount.

Plaintiff did not respond.

First, the Court notes that Defendant offered no explanation for its failure to comply with Magistrate Judge Hayes' order.

Second, even if there is good cause for the failure to comply with the original order, Defendant still has not complied. Defendant was ordered to file a memorandum **and supporting evidence**. While the Court does not doubt counsel's credibility, the statements and arguments of counsel are not evidence. Therefore,

IT IS ORDERED that, no later than July 1, 2016, Defendant file admissible evidence to support its contentions that the jurisdictional amount is met. Defendant may meet this requirement by filing a summary of the billing charges accompanied by an affidavit or declaration or with some other equally appropriate evidence. If Defendant fails to file the supporting evidence, the case will be remanded to the Fourth Judicial District Court.

MONROE, LOUISIANA, this 23rd day of June, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE